# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| JAMES H. KELLEY, | ) Civil Action |
| | ) No. |
| Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| | ) |
| AEORTEK, INC, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## FIRST COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff James H. Kelley ("Plaintiff"), by and through undersigned counsel, and files this First Complaint for Damages against Defendant Aerotek, Inc. ("Defendant") pursuant to the Family Medical Leave Act ("FMLA"), and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the Summons and Complaint to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

# FACTUAL ALLEGATIONS

6.

Defendant is now, and at all times relevant hereto, has been an employer subject to the FMLA with respect to Plaintiff.

7.

Plaintiff began working for Defendant on October 8, 2018, as an EHS Coordinator.

8.

Plaintiff suffered from a serious health condition, as that term is defined by the FMLA, of which Defendant had knowledge at all times relevant. Specifically, Plaintiff suffered from a broken wrist.

9.

On or around December 4, 2020, Plaintiff broke his wrist in car accident.

10.

Plaintiff called his supervisor, Deborah Dorsey, that same day and notified her that he would be out of work for some time to manage his broken wrist.

11.

Plaintiff's wrist required surgery. Due to this injury, he was advised by his physician on or around December 29, 2020 to not return to work until mid- to late-

March 2021.

12.

On or around December 29, 2020, Plaintiff went into Defendant's office and handed Ms. Dorsey a doctor's note stating that Plaintiff's physician recommended Plaintiff remain out of work until mid-to late-March 2021.

13.

In or around early January 2021, Plaintiff received a call from Vedra Sullivan, HR Generalist, requesting that he come into the office to fill out FMLA paperwork.

14.

Plaintiff retrieved the paperwork and had his physician send the appropriate documentation to Defendant.

15.

In or around late-January 2021, Ms. Dorsey asked Plaintiff to return to work sooner than March 2021.

16.

Plaintiff agreed to return by February 9, 2021 and his physician released him to do so.

17.

Plaintiff received another phone call from Ms. Dorsey in late January

requesting that Plaintiff work on February 4, 2021.

18.

Plaintiff agreed to work on February 4, 2021.

19.

Later that day, Ms. Dorsey asked Plaintiff to come into the office on February 5, 2021.

20.

On February 5, 2021, Defendant terminated Plaintiff's employment.

21.

Any reason given for Plaintiff's termination is pretext for unlawful FMLA interference and retaliation.

22.

Defendant availed himself of FMLA protected rights by attempting to take leave for FMLA protected health issues. Defendant interfered with Plaintiff's exercise of FMLA rights and retaliated against Plaintiff for his protected activity by terminating his employment.

23.

In terminating Plaintiff, Defendant retaliated against Plaintiff for his exercise of FMLA rights.

24.

In terminating Plaintiff, Defendant interfered with Plaintiff's exercise of rights protected by the FMLA.

25.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks in the 2020 or 2021 calendar year, within 75 miles of the location where Plaintiff worked for Defendant.

26.

### **CLAIMS FOR RELIEF**

### **VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT**
### **COUNTS I AND II**
### **(FMLA INTERFERENCE AND RETALIATION)**

27.

Plaintiff repeats and re-alleges paragraphs 6-25 as if set forth fully herein.

28.

Defendant is and, at all times relevant, has been an "employer" as defined by the FMLA.

29.

Plaintiff was an eligible employee under the FMLA.

30.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling him to all appropriate relief under the statute.

31.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling him to all appropriate relief under the statute.

32.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

33.

As a result of the termiantion, Plaintiff has suffered damages, including lost wages for which he is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is also entitled to liquidated damages.

**WHEREFORE**, Plaintiff prays the Court for judgment as follows:

(a)     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(b) Reasonable attorney's fees and expenses of litigation;

(c) Trial by jury as to all issues;

(d) Prejudgment interest at the rate allowed by law;

(e) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(f) All equitable relief available under the FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(g) All other relief to which he may be entitled.

This 8th day of November, 2021.

**BARRETT & FARAHANY**

*s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
severin@justiceatwork.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMES KELLEY, ) | Civil Action |
| ) | No. |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| AEORTEK, INC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing *First Complaint for Damages* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 8th day of November, 2021.

>  *s/ V. Severin Roberts*
>  V. Severin Roberts
>  Georgia Bar No. 940504